EDWARD H. KUBO, JR.
United States Attorney
District of Hawaii

ELLIOT ENOKI
First Assistant U.S. Attorney

KENNETH M. SORENSON
Assistant U.S. Attorney
Room 6100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii  96850
Telephone: (808) 541-2850

Attorneys for Plaintiff
UNITED STATES OF AMERICA

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII
MAR 21 2002
at ___ o'clock and ___ min ___ M
WALTER A. Y. H. CHINN, CLERK
SEALED
BY ORDER OF THE COURT

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,           )<br>                                     )<br>          Plaintiff,                 )<br>                                     )<br>     vs.                             )<br>                                     )<br> MICHAEL F. SCHULZE        (01)      )<br>    aka: "Michael Dannon"            )<br> RALPH LUTHER BYRD         (02)      )<br> ANTHONY MARTIN TABION     (03)      )<br>                                     )<br>          Defendants.                )<br>_____) | CR. NO. CR02-00090 DAE<br><br>INDICTMENT<br>[21 U.S.C. §846<br> 21 U.S.C. §853] |

INDICTMENT

COUNT 1

The Grand Jury charges:

On or about between January 1, 1997 and March 21, 2002, in the District of Hawaii and elsewhere, MICHAEL F. SCHULZE, aka: "Michael Dannon", RALPH LUTHER BYRD, and ANTHONY MARTIN TABION, the defendants, and Earl Yamada, aka: "Achi" and Susan Fukumoto,

did willfully and unlawfully conspire together and with other persons known and unknown to the Grand Jury, to distribute and to possess with intent to distribute 50 grams or more of methamphetamine, its salts, isomers, and salts of its isomers, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

<u>MANNER AND MEANS OF ACCOMPLISHING CONSPIRACY</u>

1. In order to facilitate his plan to distribute and possess with intent to distribute crystal methamphetamine, MICHAEL F. SCHULZE, aka: "Michael Dannon", (SCHULZE) devised a scheme whereby he would acquire multi-pound quantities of crystal methamphetamine through sources in California, and distribute the methamphetamine from his base of operations in Las Vegas, Nevada.

2. Once SCHULZE acquired methamphetamine he would arrange for its transfer to Hawaii either by utilizing couriers to transport the methamphetamine by air, or by shipping said methamphetamine via Federal Express or some other package service.

3. Once the methamphetamine had arrived in Hawaii, SCHULZE would arrange for it to be distributed by sub-dealers working in conjunction with him to sell the methamphetamine to users and other dealers in Hawaii.

4. These subdealers, including, but not limited to, RALPH LUTHER BYRD, ANTHONY MARTIN TABION, Earl Yamada, aka:

"Achi" and Susan Fukumoto, over the life of the conspiracy, distributed hundreds of pounds of methamphetamine in Hawaii that had been acquired by SCHULZE in Las Vegas or Southern California.

<u>OVERT ACTS</u>

In furtherance of the aforesaid conspiracy, and in order to accomplish the illegal objectives thereof, overt acts were committed in the District of Hawaii and elsewhere by members of the conspiracy, including, but not limited to, the following acts:

1. Between 1997 and 2000, MICHAEL F. SCHULZE, aka: "Michael Dannon", (hereinafter, "SCHULZE") distributed on multiple occasions, multi-pound quantities of methamphetamine to RALPH BYRD (BYRD), for further distribution by BYRD to various methamphetamine users and subdealers. These amounts varied from 6 pound quantities to amounts as high as 15 pounds at a time.

2. In or about 1999 through July, 2000, SCHULZE distributed on multiple occasions, multi-pound quantities of methamphetamine to Earl Yamada, for further distribution by Yamada in Hawaii. These amounts varied from 2 pound quantities to amounts as high as 6 pounds at a time.

3. At an unknown time during the life of the conspiracy, but approximately between 1999 and 2000, SCHULZE contacted an associate involved in collection of drug debts and

3

asked him to send "guys" to collect $40,000 in drug debt owed to SCHULZE from a sub-dealer of SCHULZE.

4. On or about August 30, 2001, SCHULZE distributed 2 ounces of methamphetamine in Honolulu, Hawaii with the expectation of receiving $4,800 at a later date.

5. On or about September 5, 2001, SCHULZE, who was in Las Vegas at the time, telephonically asked an associate to pay ANTHONY MARTIN TABION (TABION) the $4,800 in lieu of paying SCHULZE.

6. On or about September 11, 2001, TABION accepted the $4,800 on behalf of SCHULZE at his business, Custom Rod Shop located in Kapolei, Hawaii.

7. On or about October 2, 2001, SCHULZE distributed approximately two ounces of methamphetamine for $2,000.

8. On or about October 4, 2001, SHULZE, who was in Las Vegas at the time, telephonically asked an associate to loan TABION $2,000 to facilitate SCHULZE's methamphetamine business.

9. On or about October 4, 2001, an associate of SCHULZE's paid TABION $2,000.

10. On or about October 13, 2001, TABION sold one ounce of methamphetamine at his auto body shop, the "Custom Rod Shop", located in Kapolei, Hawaii.

11. On or about October 19, 2001, TABION was paid $2,000 at the "Custom Rod Shop" in Kapolei, Hawaii.

12. On or about October 29, 2001, TABION called an associate to advise him that he had methamphetamine available at his shop for purchase.

13. On or about October 31, 2001, RALPH BYRD distributed six "eight balls" of methamphetamine to an associate in Ewa Beach, Hawaii for $1,500.

14. On or about November 1, 2000, BYRD distributed 2 ounces of methamphetamine to an associate.

15. On or about November 5, 2001, TABION was paid $1,400 by an associate for methamphetamine he had previously "fronted".

16. On or about November 10, 2001, SCHULZE transported, or arranged for the transport, of a large load of methamphetamine to Hawaii.

17. In or about December 2001, SCHULZE shipped or transported approximately 4 pounds of crystal methamphetamine from Las Vegas, Nevada to Honolulu.

18. On or about December 15, 2002, SCHULZE fronted 2 pounds of methamphetamine to an associate.

All in violation of Title 21, United States Code, Section 846.

COUNT 2 (FORFEITURE)

A.  As a result of committing the offense alleged in Count 1 of this Indictment, Defendant MICHAEL SCHULZE shall forfeit to the United States, pursuant to 21 U.S.C. § 853, any and all property constituting, or derived from, any proceeds which Defendant MICHAEL F. SCHULZE obtained, directly or indirectly, as the result of such offense and any and all property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offense, including but not limited to the following:

A.  Proceeds of Violations of Count 1

   1. A sum of money equal to $1,000,000 in United States funds or currency, representing the amount of proceeds obtained as a result of the offense(s) listed in Count 1.

B.  Real Property

   2. The fee simple interest in the real property located at 3224 Ludlow Street, Las Vegas, Nevada, Hawaii, titled in the name(s) of Alena Olaes, and more specifically identified as Parcel Number: 162-13-611-091, together with all improvements, appurtenances, fixtures, attachments and easements.

   3. The fee simple interest in the real property located at 2121 Geronimo Way, Las Vegas, Nevada, titled in the name(s) of Innovative Investments, Inc., and more specifically identified as Parcel Number: 162-14-612-015, together with all improvements, appurtenances, fixtures, attachments and easements.

   4. The fee simple interest in the real property located at 192 Kachina Drive, Henderson, Nevada, more specifically identified as Parcel Number: 162-15-216-006, together with all improvements, appurtenances, fixtures, attachments and easements.

C. <u>Conveyances and Personal Property Subject to Forfeiture</u>

5. One 1995 Chevrolet Pick-Up Truck, VIN: 1GCHC33N8RJ77931, Nevada license number 832-LBC, registered to Alan D. Banks.

6. One 2000 Four Winns Cabin Cruiser Boat, Nevada Boat Number: NV7734KS, with trailer.

7. One Boat, Operating under the name of Hawaiian Punch, Boat Hull Number Unknown, but located at 6359 Pecos, #47, Las Vegas, Nevada.

8. One Bob Cat Front End Loader located at 2121 Geronimo Way, Las Vegas, Nevada.

9. One 1997 Yamaha Jet Ski located at 6359 Pecos, #47, Las Vegas, Nevada.

10. One 1992 Mercedes Benz, 500SL, VIN WDBFA66E6NF052894, Nevada License No. 599-JVV, registered to Carrie Watkins.

11. One 2001 BMW, VIN Number: WBABS33461JY57564, registered to Michael Schulze, Nevada License No. LT23635.

12. One 1995 Chevrolet C5000 Dually Pick-Up Truck, VIN: 1GCHC33N8RJ377931, Nevada License No. 375-MKN, titled in the name of Innovative Investments, Inc.

13. One 1995 Chevrolet Impala, VIN unknown, but located at 6359 Pecos, #47, Las Vegas, Nevada.

14. One 1995 Chevrolet Suburban, VIN: 1GKFK16K4SJ700382, Nevada License No. 971-KJD.

15. One Chevrolet Suburban, VIN unknown, Nevada Licence No. Loan 14958.

16. One 2000 Nissan Frontier Crew Cab Pick-Up Truck, VIN: 1N6ED27T9YC377245; Nevada License No. 705-NAF.

17. One Ring in the possession of Alena Olaes valued at $10,000.

7

D.   SUBSTITUTE ASSET PROVISION

If any of the above-described forfeitable property, as a result of any act or omission of the Defendant(s) --

1. cannot be located upon the exercise of due diligence;

2. has been transferred or sold to, or deposited with, a third person;

3. has been placed beyond the jurisdiction of the court;

4. has been substantially diminished in value; or

5. has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p) to seek forfeiture of any other property of the Defendant(s) up to the value of the above forfeitable property

All in violation of Title 21, United States Code, Sections 853, 846 and 841(a)(1).

COUNT 3 (FORFEITURE)

A.   As a result of committing the offense alleged in Count 1 of this Indictment, Defendant RALPH BYRD shall forfeit to the United States, pursuant to 21 U.S.C. §853, any and all property constituting, or derived from, any proceeds which Defendant RALPH BYRD obtained, directly or indirectly, as the result of such offense and any and all property used, or intended to be used, in any manner or part, to commit, or to facilitate

the commission of, such offense, including but not limited to the following:

1. One black 1986 Chevrolet Corvette CPE, hatchback, VIN: 1G1YY0786G5109835, Hawaii License Number FTP-301.

2. One 1984 Chevrolet Corvette, VIN: 1G1AY078XE51216015, Hawaii License Number FWP-369.

3. One 1996 Harley Davidson motorcycle, VIN: 1H9MCV601TM201031.

4. One 1992 Chevrolet Blazer, VIN: 1GNEK18K8NJ307873, Hawaii License No. JPD-271.

B. SUBSTITUTE ASSET PROVISION

If any of the above-described forfeitable property, as a result of any act or omission of the Defendant(s) -

1. cannot be located upon the exercise of due diligence;

2. has been transferred or sold to, or deposited with, a third person;

3. has been placed beyond the jurisdiction of the court;

4. has been substantially diminished in value; or

5. has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p) to seek forfeiture of any other property of the Defendant(s) up to the value of the above forfeitable property.

All in violation of Title 21, United States Code, Sections 853, 846 and 841(a)(1).

DATED: March 21, 2002, at Honolulu, Hawaii.

A TRUE BILL.

/s/

_____
FOREPERSON, GRAND JURY

EDWARD H. KUBO, JR.
United States Attorney
District of Hawaii

_____
ELLIOT ENOKI
First Assistant U.S. Attorney

_____
KENNETH M. SORENSON
Assistant U.S. Attorney